UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

REGNALDO WOODS,

    Petitioner,

vs.

R. J. RACKLEY, Warden,

    Respondent.

No. C 12-6052 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

    This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations. Petitioner has not filed an opposition or otherwise communicated with the court. The court will still look to the merits of the motion and it will be granted for the reasons set out below.

## DISCUSSION

### Statute of Limitations

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral

review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced in San Francisco County Superior Court in the fall of 2010. The exact date is not clear. In a habeas petition to the San Francisco County Superior Court, petitioner stated he was sentenced in September 2010 (Motion to Dismiss (MTD), Ex. B at 2), though the superior court records provided by respondent indicate that petitioner pleaded guilty on October 20, 2010 (MTD, Ex. A at 1). The superior court records describing the sentence are dated May 3, 2010, which is clearly an error. MTD, Ex. A at 1-2. However, the records provide a list of prior court dates and the following court date after sentencing, November 29, 2010. *Id.* Thus, it is apparent that petitioner was sentenced on a date between October 21, 2010, and November 28, 2010. For purposes of this motion and as petitioner has not filed an opposition to provide clarification, the court will assume that petitioner was sentenced on November 28, 2010.

Petitioner did not appeal his conviction, thus it became on final on January 27, 2011. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.104(a). The statute of limitations expired one year later on January 27, 2012. *See* 28 U.S.C. § 2244(d)(1).

On March 3, 2012, more than a month after the expiration of the statute of limitations, petitioner filed a habeas petition in the San Francisco County Superior Court that was denied on April 19, 2012.[1] MTD, Exs. B, C. On June 19, 2012, petitioner filed a

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. *Houston v. Lack*, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule

2

petition with the California Court of Appeal that was denied on June 21, 2012. MTD, Ex. D. On July 16, 2012, petitioner filed a habeas petition with the California Supreme Court that was denied on October 24, 2012. MTD, Exs. E, F. Petitioner filed the original federal petition in this case on November 20, 2012.

Petitioner will not receive statutory tolling for any of the state habeas petitions as they were after the expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Thus, this petition is untimely by approximately ten months.

Respondent has also addressed the merits of the sole claim in the petition. Petitioner argues that a prior conviction from twenty years ago should not have been used to enhance the sentence for his current conviction. He states that when he pleaded guilty on the prior conviction he did not know it could be later used as a strike. A petitioner generally may not attack the constitutionality of a prior conviction used to enhance a later sentence. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (citation omitted); *see also United States v. Martinez-Martinez*, 295 F.3d 1041, 1043-44 (9th Cir. 2002) (bar against collateral attacks on prior convictions also applies where sentencing court declined to reduce sentence based on circumstances of prior conviction). Petitioner's claim is meritless.

---

applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

3

**CONCLUSION**

Respondent's motion to dismiss (Docket No. 8) is **GRANTED** as discussed above. The petition is **DISMISSED**. The clerk shall close the file.

**APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here, the court declines to issue a COA regarding the procedural holding or the underlying claim as reasonable jurists would not find the court's findings debatable. The

4

court therefore DENIES a COA.

**IT IS SO ORDERED.**

Dated: November 15, 2013.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Woods6052.mtd.wpd

**United States District Court**
For the Northern District of California